CLEMENTINE HEINE, PLAINTIFF-RESPONDENT, v. ACME
THEATRE COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1926—Decided January 19, 1927.

**Negligence—Injury to a Patron of a Theatre Caused by Falling Over a Hidden Platform While on Her Way to Her Seat, as the Lights Were Being Turned Off—Nonsuit and Direction of Verdict For Defendant Properly Denied.**

On appeal.

Before Justices BLACK and CAMPBELL.

For the defendant-appellant, *Joseph C. Paul* and *Jacob Schneider*.

For the plaintiff-respondent, *Precker & Precker* and *Herbert J. Hannoch*.

PER CURIAM.

The action in this case was brought to recover damages for personal injuries received by the plaintiff, when going to her seat at a performance of the Shubert Theatre, at Branford Place, in Newark, New Jersey, on the evening of December 27th, 1924. As the plaintiff was going to her seat, the lights were turned off, the theatre became dark and she tripped or fell over a hidden platform, or a raised platform, something like three feet.

The trial resulted in a verdict for the plaintiff. The defendant appeals and files three grounds of appeal—

*First.* Error in refusing to nonsuit.

*Second.* Error in refusing to direct a verdict in favor of the defendant.

*Third.* Error in permitting a witness, Carrie B. Beyer, on rebuttal, to answer this question: "*Q.* Were there any aisle lights in the aisle next to where Mrs. Heine was seated on the right of the accident? *A.* No."

The questions of nonsuit and the direction of a verdict are controlled by the cases in the Court of Errors and Appeals of *Andre* v. *Mertens,* 88 *N. J. L.* 626; *Dondero* v. *Tenant Motion Picture Co.,* 94 *Id.* 483. The question objected to was an answer on rebuttal, after defendant had first brought the question of lights into the case. Record, page 50, line 38. It was also admissible as bearing upon the plaintiff's contributory negligence under the pleadings.

The judgment of the Essex County Circuit Court is affirmed.